# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TASHAUN YANCY**  **PLAINTIFF**
**#118318**

v.                       No: 4:22-cv-01247-KGB-PSH

**HIGGINS,** *et al.*                       **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Tashaun Yancy filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on December 16, 2022, while in custody at the Pulaski County Detention Center (Doc. No. 2). On January 3, 2023, mail sent to Yancy was returned as undeliverable (Doc. No. 4). On January 4, 2023, the Court entered a text order

notifying Yancy that the mail could not be delivered to him because he was no longer at the address he provided (Doc. No. 5). Yancy was directed to provide notice of his current mailing address no later than thirty days from the entry of the January 4 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's January 4 order could not be delivered to Yancy because he was no longer at the address he provided, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 6. Other mail was subsequently returned to the Court as undeliverable. *See* Doc. Nos. 7-8.

More than 30 days have passed, and Yancy has not complied or otherwise responded to the January 4 order. Yancy failed to notify the Clerk of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Yancy's complaint be dismissed without prejudice.

DATED this 14th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE